HERBERT v. GALLATIN et al.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. ORAL LEASE—EVIDENCE.
   Where parties are negotiating as to a proposed long lease of certain premises, and the owner allows the proposed lessee to enter in the meantime to supervise repairs to be made in connection with the proposed lease, such permission is a mere accommodation, and does not establish an intermediate tenancy under an oral letting.

2. EVIDENCE—DECLARATIONS OF THIRD PERSON.
   Upon the issue of whether premises were or were not orally leased to plaintiff by the owner, plaintiff cannot establish the affirmative by testifying to conversations with a mere negotiator, who had no authority to act in any other way for the owner.

Appeal from trial term.

Action by George W. Herbert against Albert H. Gallatin and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles De Hart Brower, for appellant.
William H. Harris, for respondents.

PATTERSON, J. By the complaint in this action the plaintiff's claim to recover is based exclusively upon the averment that the defendants "rented to the plaintiff, by oral letting," for the term of four months from the 1st of January, 1894, the premises mentioned in the complaint. It is further alleged that the consideration for that letting was an agreement by the plaintiff to execute and deliver to the defendants a lease, under seal, of the same premises, bearing date on the 4th of October, 1893, whereby the plaintiff would hire from the defendants the same premises for a term of 10 years from the 1st day of May, 1894, at a fixed rental. It is further alleged that, as part of the terms of the oral letting, the defendants agreed that they would forthwith make certain repairs, alterations, and improvements to the premises, in accordance with a certain schedule annexed to the complaint, but that they neglected and refused to do or perform any part of the work mentioned in certain items of that schedule, and that the plaintiff was compelled to do that work which the defendants had failed to do, and for the value of which he sues, as damages for the

breach of the contract. The evidence fails altogether to establish the fact which lies at the foundation of the plaintiff's claim. There is no proof of any agreement or contract by which the plaintiff became a tenant of the defendants, of the premises, for the period of four months ending the 1st of May, 1894. On the contrary, the evidence shows that Messrs. Cruikshank, real-estate brokers, were the agents (having a power of attorney) of the defendants for renting the premises, and through one Thorne, their clerk, entered into negotiations with the plaintiff for leasing the premises to the plaintiff for a long term of years. At the time negotiations for the long lease were being carried on, much was said with reference to repairs and alterations to the premises, in contemplation of the execution of the written lease, and plans and specifications which had been prepared by an architect of the defendants were the subject of examination and discussion. The written lease was executed and delivered, and it is perfectly obvious, as the record stands, that the whole of the transaction between these parties was with reference to a long term, and not to any independent letting for a mere period of four months. It is not stated in the complaint that there was any other consideration for an alleged oral lease or a letting of four months than the agreement to execute the ten-years lease. There is not one syllable of proof to show that Thorne, a mere clerk of the Cruikshanks, had any power or authority from Gallatin or from Cruikshank to make any agreement by which the plaintiff became a tenant for an independent term, or otherwise than as provided for in the written lease. But it does appear in the evidence that as the lease was not to begin until the 1st of May, 1894, Mr. Cruikshank permitted the plaintiff to enter upon the premises before the beginning of the term, in order that he might be upon them when the repairs and alterations were being made, and supervise them, as they were partially for the accommodation of the plaintiff's business,—that business being of such a character as required alterations of a particular kind. Letting the plaintiff into possession in this way was merely a matter of accommodation. Mr. Cruikshank, the agent, testifies that:

"If the plaintiff took possession before the 1st of May, 1894, that was as is customary with us. We had heard, however, that Mr. Herbert desired to get in before that time, and we consented."

It is not shown that Thorne had authority to make any arrangement without Cruikshank's sanction. The court below was right in excluding evidence of conversations between Thorne and Herbert anterior to the execution of the written lease. Thorne had no authority whatever to act otherwise than as a mere negotiator, and the proof utterly fails to show that Herbert went into possession before the 1st of May, 1894, under any other arrangement than by the grace of the owner, and as a mere matter of accommodation, for his own personal convenience.

The judgment appealed from was right, and should be affirmed. All concur.